# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AUREA ESTHER ROMAN RIVERA,**

        **Plaintiff,**

**v.**                                                                                           **Case No: 6:20-cv-779-LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

### MEMORANDUM OF DECISION[1]

Aurea Esther Roman Rivera ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits. Claimant raises one argument challenging the Commissioner's final decision, and, based on that argument, requests that the matter be remanded to the Commissioner for further administrative proceedings.   (Doc. 25, at 24).   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence and decided according to proper legal standards and should thus be affirmed.   (*Id.*).   For the reasons stated herein, the Commissioner's final decision is **AFFIRMED.**

## I.      PROCEDURAL HISTORY.

On June 27, 2017, Claimant filed an application for a period of disability and disability insurance benefits, alleging that she became disabled on April 28, 2017.  (R. 69, 174-180).   Her

_____

[1]  The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Docs. 19, 23-24.

claims were denied initially and on reconsideration, and she requested a hearing before an ALJ.   (R. 54-68, 71-84, 87-89, 93-100).   A hearing was held before the ALJ on May 13, 2019, at which Claimant was represented by an attorney.   (R. 36-53).   Claimant, through the aid of a Spanish interpreter, and a vocational expert ("VE") testified at the hearing.   (*Id.*; R. 339).

The ALJ subsequently issued an unfavorable decision finding that Claimant was not disabled.   (R. 9-29).   Claimant sought review of the ALJ's decision by the Appeals Council.   (R. 30-32).   On March 16, 2020, the Appeals Council denied the request for review.   (R. 1-8). Claimant now seeks review of the final decision of the Commissioner by this Court.   (Doc. 1).

## II.    THE ALJ'S DECISION.[2]

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).   (R. 17-23).[3]   The ALJ first found that Claimant met the insured status requirements of the Social Security Act through March 30, 2022.   (R. 17).   The ALJ concluded that Claimant had not engaged in substantial gainful activity since the alleged disability onset date of April 28, 2017.   (*Id.*).   The ALJ then found that Claimant suffered from the following severe impairments: mild lumbar degenerative spondylosis and nonspecific colitis/irritable bowel syndrome (IBS).   (R. 17-18).   The ALJ next found that Claimant also suffers from depressive and anxiety disorder, but that these medically determinable mental impairments cause no more than a

---

[2] Upon a review of the record, the Court finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   (Doc. 25).   Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference and only restates them herein as relevant to considering the issues raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.   *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

mild limitation in any functional area, and therefore constitute a non-severe impairment.   (*Id.*).

The ALJ concluded that Claimant did not have an impairment or combination of impairments that

met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (R. 18).

After careful consideration of the entire record, the ALJ found that Claimant had the residual

functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[4]

with the following limitations:

> [Claimant] could frequently balance, stoop, kneel, crouch, crawl, and climb ramps
> and stairs, but never ladders, ropes or scaffolds.   Bilateral overhead reaching is
> frequent.   Avoid: work at heights, work with dangerous machinery and dangerous
> tools, and constant temperatures over 90ºF and under 40ºF.

(R. 19).

Based on this assessment, the ALJ concluded that Claimant was capable of performing past

relevant work as a pharmacy technician.   (R. 23).   Accordingly, the ALJ concluded that Claimant

was not under a disability, as defined by the Social Security Act, from April 28, 2017 through the

date of the decision.   (*Id.*).

## III.    STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to

review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference

in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the

---

[4] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10
> pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a
> good deal of walking or standing, or when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light
> work, you must have the ability to do substantially all of these activities.   If someone can do light
> work, we determine that he or she can also do sedentary work, unless there are additional limiting
> factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.    ANALYSIS.

In the Joint Memorandum, which the Court has reviewed, Claimant raises only one issue: whether the ALJ applied the correct legal standards to the opinion of Dr. Zorymar E. Medina, M.D., Claimant's treating physician. (Doc. 25, at 9). Specifically, Claimant argues that the ALJ "failed to even mention, let alone weigh," Dr. Medina's opinion. (*Id.*, at 10). Accordingly, this is the only issue the Court will address.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider

all relevant evidence, including the opinions of medical and non-medical sources.   20 C.F.R. §

404.1545(a)(3).

Claimant filed her application for disability insurance benefits on June 27, 2017.   (R. 69).

Effective March 27, 2017, the Social Security Administration implemented new regulations related

to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings.
> We will not defer or give any specific evidentiary weight, including controlling
> weight, to any medical opinion(s) or prior administrative medical finding(s),
> including those from your medical sources.   When a medical source provides one or
> more medical opinions or prior administrative medical findings, we will consider
> those medical opinions or prior administrative medical findings from that medical
> source together using the factors listed in paragraphs (c)(1) through (c)(5) of this
> section, as appropriate.   The most important factors we consider when we evaluate
> the persuasiveness of medical opinions and prior administrative medical findings are
> supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of
> this section).   We will articulate how we considered the medical opinions and prior
> administrative medical findings in your claim according to paragraph (b) of this
> section.

20 C.F.R. § 404.1520c(a).   Subparagraph (c) provides that the factors to be considered include: (1)

supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of

the length of treatment relationship; frequency of examination; purpose of treatment relationship;

extent of treatment relationship; and examining relationship); (4) specialization; and (5) other

factors that tend to support or contradict a medical opinion or prior administrative medical finding.

*Id.* § 404.1520c(c).   However, "[o]ther than articulating his consideration of the supportability and

consistency factors, the Commissioner is not required to discuss or explain how he considered any

other factor in determining persuasiveness."   *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-

cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, No.

4:18CV693CDP, 2019 WL 3412616, *4 (E.D. Mo. July 29, 2019)).   *See also Torres v. Comm'r of*

*Soc. Sec.*, No. 6:19-cv-1662-Orl-PDB, 2020 WL 5810273, at *5 (M.D. Fla. Sept. 30, 2020) (finding

no error where ALJ did not specifically address in the decision any factors other than supportability and consistency).

Pursuant to the new regulations, a "medical opinion" is defined as "a statement from a medical source about what [the claimant] can still do despite [his/her] impairments(s)" and whether the claimant has any functional limitations or restrictions regarding certain enumerated abilities. 20 C.F.R. § 404.1513(a)(2).   A "medical opinion" does not include "judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."   *Id.* § 404.1513(a)(3) (defining these categories of information as "other medical evidence").   *See also Rice v. Kijakazi*, Case No: 4:20-cv-01414-RDP, 2021 WL 3473219, at *5 (N.D. Ala. Aug. 6, 2021) ("Statements by a medical source reflecting judgments about a claimant's diagnosis and prognosis are not considered medical opinions because they do not necessarily provide perspectives about the claimant's functional abilities and limitations.").

Here, Claimant argues that the ALJ erred in failing to mention or weigh the opinion of Dr. Medina, Claimant's treating physician.  (Doc. 25, at 9-12).  On August 17, 2017, Dr. Medina completed a Certification of Condition regarding Claimant in which she stated:

> I hereby certify that Mrs. Aurea Roman Rivera is a patient in this office, is currently under medical treatment for the conditions of Colitis and COPD among others.   Due to the signs and symptoms caused by the condition of colitis [she] has developed an anxiety that allows me to recommend the medical evaluation of both a psychologist and psychiatrist to continue treatment of this condition.
>
> She was using Prednisone, which she was ordered to discontinue due to side effects that it caused her: weakness, tremors, in addition to imbalances; the other medication that can be [prescribed] is Asacol, it will cause health complications since the patient is allergic to aspirin.   Currently she is not under any medical treatment, she is only under a strict diet to avoid the symptoms, but they still persist.   The information was obtained from Mrs. Roman's medical record and with her due authorization. I consider that [she is] unable to work for time, indefinitely.   If you have any doubt in relation to this, you can contact our office.

(R. 531-532, 569).[5]

As an initial matter, and as the Commissioner points out, the ALJ did mention Dr. Medina's Certification of Condition in the decision, albeit only in her evaluation of the severity of Claimant's impairments.   (R. 17; *see* 20 C.F.R. § 404.1520(a)(4)(ii)).   The ALJ stated that "[o]n August 17, 2017, primary care noted that colitis caused anxiety, and a psychological and psychiatric evaluation was recommended."   (R. 17).   The ALJ did not make any mention of Dr. Medina's Certification of Condition or its findings in assessing Claimant's RFC.   *See* R. 19-23.

Nonetheless, the Commissioner argues that the ALJ did not err, because Dr. Medina's Certification of Condition is not a medical opinion within the meaning of the regulations.   (Doc. 25, at 21).   Rather, the Commissioner asserts that the Certification of Condition constitutes "other medical evidence," which the ALJ was not required to evaluate in her decision.   (*Id.*, at 21-22).

The Court agrees with the Commissioner.   The threshold question in determining whether the ALJ was required to weigh Dr. Medina's Certification of Condition is whether the certification constitutes a "medical opinion" for purposes of the regulations.   *See* 20 C.F.R. § 404.1513(a).   The certification contains statements that Claimant is being treated by Dr. Medina for colitis and COPD, that Dr. Medina recommends evaluation of Claimant's anxiety by a psychologist and psychiatrist, that Claimant suffered side effects from Prednisone and cannot be treated by Asacol due to an aspirin allergy, and that Dr. Medina considers Claimant unable to work "indefinitely."   (R. 531-532, 569).   Nothing in Dr. Medina's certification discusses what Claimant "can still do despite [her] impairments" or whether Claimant has any "impairment-related limitations or restrictions" regarding the enumerated categories in § 404.1513(a)(2), and thus the certification does not constitute a medical opinion.   Rather, as the Commissioner argues, the certification fits squarely

---

[5] It appears that Dr. Medina completed the certification in Spanish, and it was later translated into English by an interpreter.   *See* R. 531-32.

within the category of "other medical evidence," as defined by the regulations. *See* §

404.1513(a)(3) ("Other medical evidence… include[es] judgments about the nature and severity of

your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with

response, or prognosis."). *See Harrington v. Kijakzi*, No. 20-CV-10954, 2021 WL 3486278, at *6-

7 (E.D. Mich. Aug. 9, 2021) (finding that doctor's report that consisted of clinical findings,

diagnoses, several recommendations, and a finding that claimant would have difficulty working is

considered "other medical evidence," not a "medical opinion" as defined by the regulations).   As

such, the ALJ was not required to articulate her consideration of Dr. Medina's certification.   *See*

*Luis E. v. Kijakazi*, No. 2:20-CV-00219-JTR, 2021 WL 3475550, at *7 (E.D. Wash. Aug. 6, 2021)

("Dr. Burkhart did not assess any specific work-related functional limitations.   Therefore, the ALJ

was not required to address the report as a medical opinion."); *see also Romero v. Comm'r of Soc.*

*Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) ("The administrative law judge was not required to

state what weight he assigned to medical records that did not qualify as medical opinions.   An

administrative law judge is obligated to assign a weight only to a statement that constitutes a medical

opinion.").   Therefore, Claimant has failed to establish reversible error in the ALJ's failure to weigh

Dr. Medina's Certification of Condition.[6]

**V. CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

---

[6] Claimant also argues that Dr. Medina's statement that she is unable to work indefinitely is not a statement on an issue reserved to the Commissioner, because Dr. Medina "did not merely opine that [Claimant] was unable to work.   She opined that [Claimant] had developed anxiety that needed to be evaluated by a psychologist and psychiatrist."   (Doc. 25, at 11).   Claimant further argues that even if Dr. Medina's statement was on an issue reserved to the Commissioner, the ALJ was nonetheless required to consider and evaluate Dr. Medina's certification.   (*Id.*, at 11-12).   However, because the Court's finding that Dr. Medina's Certification of Condition is not a medical opinion is dispositive of this appeal, the Court need not consider this argument.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 13, 2021.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record